[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14958
_____

D.C. Docket No. 1:08-cv-3758-WCO


FULTON COUNTY, GEORGIA,

Defendant - Appellant,


versus


NORMA EDIE PEARSON,

Plaintiff - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____
(December 19, 2012)

Before BARKETT and JORDAN, Circuit Judges, and HODGES,[*] District Judge.

_____

[*]Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.

HODGES,  District Judge:

This is an employment discrimination case.  Norma Edie Pearson, the Plaintiff, was employed by Fulton County, Georgia.  She worked as a Probation Officer in Juvenile Court.  She was denied a promotion in May, 2007, and was terminated in September, 2007.  Prior to those events she had complained and had filed charges with Fulton County and with the EEOC alleging that she was being discriminated against in various ways by her superiors because of her sex or gender, behavior that would be a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.  As such, Pearson's complaints constituted protected activity under 42 U.S.C. § 2000e-3(a).

The Plaintiff's amended complaint asserted a number of separate claims or causes of action.  After the district court ruled upon dispositive motions not at issue on this appeal, the case proceeded to jury trial on the Plaintiff's claims of having been the victim of an unlawful retaliatory failure to promote and unlawful retaliatory discharge, both in violation of 42 U.S.C.§ 2000e-3(a) expressly prohibiting any discrimination against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter. . . ."

The jury found for the Plaintiff and returned a general verdict in the amount of $425,000 damages.  The district court later awarded the Plaintiff an additional

$142,000 in attorney's fees.  Judgments were entered and Fulton County brought this appeal.

We heard oral argument and have carefully reviewed the briefs and the record.  We affirm the district court.

## I  The Facts

A brief outline of the facts is sufficient to place our rulings in context.

Pearson began her employment as a Probation Officer in the Juvenile Court in March, 1994.  Her immediate supervisor during the early years of her employment was Edward Garnes.  In the late 1990's Pearson filed an EEOC complaint and lawsuit against the County alleging sexual harassment by Garnes.  The dispute was settled – and a written settlement agreement was executed – in 2003.  Among other things, the agreement provided that any disputes arising under it would be subject to arbitration.  Nevertheless, according to Pearson the sexual harassment continued and on October 18, 2006, she wrote a letter of complaint to the Chief Administrative Officer of the Juvenile Court.

In March, 2007, Pearson interviewed for a promotion to a supervisor's position.  The promotion was denied in May.  On June 15, 2007, Pearson filed a complaint of gender discrimination with the County's Office of Equal Employment Opportunity.  She was terminated on September 14, 2007.  The County's proffered reason was that Pearson had falsified her time records on July 6, 2007.

3

## II The Allegations of Error On Appeal

1.      The County first assigns as error the denial by the district court of a motion to dismiss for lack of subject matter jurisdiction.[1]  Specifically, the County claims that the district court should have granted a motion made on the eve of trial to dismiss the retaliation claims on the ground that the 2003 settlement agreement required arbitration of the claims.  The district court denied the motion for two reasons.  First, Pearson's claim was not predicated upon any violation of the settlement agreement.  The claim presented to the jury was one for retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).  Second, even if arbitration was available under the settlement agreement, the County waived its claim of arbitrability by litigating the case for more than two years only to raise the issue three days before the scheduled jury trial.  See Morewitz v. The West of England Ship Owners Mut. Protection and Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995) ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party.  Prejudice has been found in situations where the party seeking arbitration allows the

---

[1]We  review de novo a district court's determination of subject matter jurisdiction. United States v. Rendon, 354 F.3d 1320, 1324 (11th Cir. 2003); Asociacion De Empleados Del Area Canalera v. Panama Canal Comm'n, 329 F.3d 1235, 1237-38 (11th Cir. 2003).

opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate.") (internal citations omitted).

The district court correctly denied the motion.

2.    The County's second claim on appeal is that the district court erred in failing to grant the County's motion for judgment as a matter of law because the Plaintiff failed to prove retaliation. We review <u>de</u> <u>novo</u> the district court's rulings on motions for judgment as a matter of law, and we apply the same standard. The evidence must be viewed in a light most favorable to the non-moving party. <u>Mee Industries v. Dow Chemical Co.</u>, 608 F.3d 1202, 1210-11 (11th Cir. 2010).

The jury was free to credit the testimony of the Plaintiff and to draw reasonable inferences in her favor from the direct evidence and the totality of the circumstances. The district court, in a thorough order, carefully reviewed the record and concluded that the verdict was supported by the evidence so that the motion for judgment as a matter of law should be, and was, denied. Upon <u>de</u> <u>novo</u> review we conclude that the district court was correct.

3.    The County asserts that the district court erred in denying its motion for a new trial and in its award of Plaintiff's attorney's fees. Both of these claims are reviewed under the abuse-of-discretion standard. <u>Myers v. TooJay's Mgmt. Corp.</u>, 640 F.3d 1278, 1287 (11th Cir. 2011) (motion for a new trial) and <u>Atlanta Journal & Constitution v. City of Atlanta Dept. of Aviation</u>, 442 F.3d 1283, 1287

(11th Cir. 2006) (award of attorney's fees).  Applying that standard, we find no

error in the district court's disposition of both issues.

AFFIRMED.